Filed 11/1/22  P. v. Thompson CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BERTRAND THOMPSON,<br><br>Defendant and Appellant. | C090225<br><br>(Super. Ct. Nos.<br>STK-CR-CNV-1998-0016794,<br>SP062695C)<br><br>OPINION ON TRANSFER |

In 1999, a jury found defendant Bertrand Thompson guilty of three murders occurring during two robberies, and they also found true robbery-murder special circumstances for each of the murders. Defendant petitioned the trial court for resentencing under Penal Code section 1172.6[1] based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). The trial

_____

[1]  Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under former section 1170.95, we cite the current section number throughout this opinion.

1

court denied defendant's petition, finding that the record established defendant was ineligible for resentencing because he was the actual killer in two of the murders and the jury found true special circumstances for the third murder. On appeal, defendant initially argued he was entitled to counsel and a hearing on the merits of his petition.

In an unpublished opinion, we affirmed the order denying defendant's petition for resentencing. (*People v. Thompson* (Dec. 16, 2020, C090225) [nonpub. opn.].) The Supreme Court granted review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of its recent opinions in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Defendant and the People declined to file a posttransfer brief.

We now find the trial court's denial of defendant's petition is inconsistent with section 1172.6, *Lewis*, and *Strong*, and accordingly reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was involved in the murder of three people during two separate robberies. (*People v. Webb* et al. (Apr. 3, 2002, C034507) [nonpub. opn.].)[2] In 1999, the jury found defendant guilty of three counts of first degree murder (§ 187) and two counts of second degree robbery. (§ 211.) They also found true special circumstance allegations that defendant was armed in the commission of one of the murders and one of the robberies (§ 12022, subd. (a)), that he personally used a firearm in the commission of another murder and the other robbery (§ 12022.5, subd. (a)), two of the murders were

---

[2]    On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).) We provide this summary of facts from the prior opinion in defendant's direct appeal solely for context and do not rely on these facts for our analysis or disposition here. (See § 1172.6, subd. (d)(3).)

multiple murders (§ 190.2, subd. (a)(3)), and the special circumstances that all three murders were committed during robberies. (§ 190.2, subd. (a)(17)(A).)

Defendant "was sentenced to a determinate term of eight years and three consecutive indeterminate terms of life without the possibility of parole." Defendant appealed his conviction, arguing (1) instructional error on the robbery counts; (2) ineffective assistance of counsel; and (3) the robbery counts should have been stayed under section 654. We stayed the sentences imposed for the robbery convictions but otherwise affirmed.

In January 2019, defendant filed a petition for resentencing under section 1172.6. Defendant declared in his petition that the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he "could not now be convicted of 1st or 2nd degree murder." He also requested appointment of counsel during the resentencing process.

The trial court issued an interim order appointing defendant's trial counsel to represent him. The prosecutor filed a response to the petition, arguing defendant was not eligible for resentencing under section 1172.6. At the hearing on the petition, defendant's counsel had not been aware of his assignment and therefore did not prepare a brief in support of the petition. Instead of permitting a response to the prosecutor's opposition, the court vacated the order appointing counsel stating, "I'm not going to find prima facie. I don't believe [defendant] qualifies under [Senate Bill] 1437 because he was convicted as the actual killer on two of the homicides. It was the third one that I was concerned about, but now that I go back and review it, he was convicted of the special circumstance, which also makes him ineligible under this, so the Court is going to vacate its previous order." The court then denied defendant's petition by form written order, checking a box stating "[t]he Petitioner has not made a prima facie showing." (Italics omitted.)

3

## DISCUSSION

Defendant argues on appeal that the trial court violated section 1172.6 because it failed to appoint substitute counsel and conduct a hearing on the allegations of defendant's petition prior to its denial. We find the trial court did not adhere to the prima facie procedures.

### I

### *Legal Standards*

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1172.6 to provide a resentencing petition process for any "person convicted of felony murder or murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) There have been changes made to section 1172.6 since the trial court denied defendant's petition. (Stats. 2021, ch. 551, § 2.) These changes are retroactively applied to defendant's case, which is not yet final. (*People v. Basler* (2022) 80 Cal.App.5th 46, 56 ["These procedures within section [1172.6] apply retroactively to defendants whose cases are not yet final"].)

4

The new section 1172.6 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

If a petitioner files a facially sufficient petition, the trial court shall appoint counsel, if requested, receive briefing from the parties, and "shall hold a hearing to determine whether the petitioner has made a prima facie case for relief" under section 1172.6, subdivision (c). (§ 1172.6, subds. (b)(3), (c); *Lewis, supra*, 11 Cal.5th at pp. 961-962.) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) If the court does not issue an order to show cause, it "shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

When an order to show cause is issued, the court must hold a hearing within 60 days to determine whether to vacate the murder conviction. (§ 1172.6, subd. (d)(1).) At this third and final stage of the proceeding, the prosecution has the burden of proving, "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. . . . A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. . . ." (§ 1172.6, subd. (d)(3).)

5

The Supreme Court clarified the prima facie analysis in *Lewis*, stating the " 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) It explained trial courts may rely on the record of conviction, but a " 'court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971.)

## II

### *Special Circumstances after* Banks *and* Clark[3]

Section 190.2, subdivision (d) provides that for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery and burglary, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. In *Banks*, the court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons?

---

[3]    *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

6

What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Banks*, at p. 803, fn. omitted.)

Similarly, in *Clark*, the court found " 'reckless indifference' " to "encompass[] a willingness to kill (or to assist another in killing) to achieve a distinct aim." (*Clark, supra*, 63 Cal.4th at p. 617.) It also provided a nonexhaustive list of factors to consider in making this determination, including use of or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, the duration of the crime, knowledge of any threat the confederates might represent, and efforts taken to minimize risks. (*Id*. at pp. 618-623.)

In *Strong*, the Supreme Court addressed the impact of *Banks/Clark* on section 1172.6 petitions for defendants with special circumstance findings. The court found "*Banks* and *Clark* both substantially clarified the law governing findings under [] section 190.2, subdivision (d)" such that they "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong, supra*, 13 Cal.5th at pp. 706, 717.) Consequently, prior special circumstance findings made before *Banks* and *Clark* "do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710.) Thus, a defendant with a special circumstance finding applying for relief through a section 1172.6 petition may still be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks/Clark* analyses. (*Strong*, at p. 720.) And though a special circumstance finding can be challenged through a habeas corpus

7

petition, "nothing in section 1172.6 says that a defendant must always do so before seeking resentencing." (*Strong*, at p. 713, italics omitted.)

III

*Prima Facie Errors*

The trial court here reviewed the record of conviction and concluded defendant did not make a prima facie showing of eligibility because he was the actual killer for two murders and that the jury found true special circumstances for the third murder; the court did this all without any briefing from defense counsel, holding a prima facie hearing, or fully explaining its reasons for not issuing an order to show cause. These clearly violate the procedures now afforded to petitioners under section 1172.6.

Procedural errors during the prima facie stage are prejudicial if the petitioner can show it is " 'reasonably probable' " the petition would not have been denied absent the errors. (*Lewis, supra*, 11 Cal.5th at p. 974.) Errors at the prima facie stage can be harmless if the defendant is ineligible for relief as a matter of law. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 987-989 [determining whether prima facie errors were overcome by the defendant's ineligibility as a matter of law].)

The errors here were not harmless. The trial court found that defendant's pre-*Banks* and pre-*Clark* special circumstance finding rendered him ineligible as a matter of law for resentencing on the third conviction. This finding is no longer valid under *Strong*. Defendant may well have been a major participant who acted with reckless indifference to human life in all three convictions under the new *Banks/Clark* standards. But the court can only make this determination after an evidentiary hearing under section 1172.6, subdivision (d), and must do so under the beyond-a-reasonable-doubt standard.

As for the other two murder convictions, the trial court provided no basis for its finding that defendant was the "actual killer." To find defendant failed to make a prima facie case on this basis, there must be records in the court's file necessarily determining as a matter of law defendant was the actual killer, such as with jury instructions, verdicts,

8

or stipulations made at defendant's earlier trial. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].) Due to the lack of briefing on this issue and lack of reasoning provided by the trial court, we cannot determine whether that is the case here for these convictions, so it is reasonably probable the petition would not have been denied had the proper procedures been followed.

Consequently, we reverse the trial court's order denying defendant's petition and remand for it to conduct the prima facie procedures under section 1172.6, subdivision (c), *Lewis*, and *Strong*. If it cannot determine defendant is ineligible as a matter of law on any of the convictions, it must issue an order to show cause and hold a hearing under section 1172.6, subdivision (d).

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed and the matter is remanded for the trial court to conduct proceedings consistent with section 1172.6, subdivision (c).


            KRAUSE          , J.


We concur:


   ROBIE            , Acting P. J.


   BOULWARE EURIE   , J.


9